**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Frankie Jae Lord Master, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING SECOND MOTION** |
| | ) | **FOR RECONSIDERATION** |
| vs. | ) | |
| | ) | |
| Kieth Epps, et. al., | ) | |
| | ) | Case No. 1:14-cv-129 |
| Defendants. | ) | |

Plaintiff, an inmate incarcerated in the State of Virginia, initiated the above-captioned action *pro se* on October 14, 2014, with the submission of an application to proceed *in forma pauperis* and proposed "Complaint under Civil Rights Act of 42 U.S.C. § 1983."[1] In his complaint, he claimed that he had been defamed by defendants, all of whom live and work in the State of Virginia.

Upon screening the proposed complaint as required by 28 U.S.C. § 1916A, the court concluded that it lacked personal jurisdiction over defendants and that plaintiff had failed to assert a cognizable constitutional claim. Consequently, on October 16, 2014, it entered an order denying plaintiff's application to proceed *in forma pauperis* and dismissing the above-entitled action without prejudice.

On October 27, 2014, plaintiff filed a motion for appointment of counsel. He also filed a motion for reconsideration in which he (1) elaborated on the factual basis for his claim and (2) accused Defendant Chapman of violating I.C.A.C. task force rules. Finding no basis for reversing

---

[1] Plaintiff consented to proceed before a Magistrate Judge on the last page of proposed amended complaint. (Docket No. 2).

1

its previous order and concluding that appointment of counsel was not warranted under the circumstances, the court issued an order on October 30, 2014, denying his motions.

On November 18, 2014, plaintiff filed a second motion for reconsideration, this time asserting, inter alia, that the court erred by considering defects in personal jurisdiction on behalf of parties who may choose to waive the defects or subject themselves to the court's jurisdiction in any event.

Although the lack of personal jurisdiction is an affirmative defense which can be waived if not properly raised, see Fed.R.Civ.P. 12(h)(1), courts in the Eighth, Ninth and Tenth Circuits have recognized that complaints may be dismissed on initial review when there is an obvious lack of personal jurisdiction. See e.g., Trujillo v. Williams, 465 F.3d 1210, 1216-17 (10th Cir. 2006) concluding that a district court may dismiss under § 1915 for lack of personal jurisdiction and for improper venue when obvious from the face of the complaint); Sanders v. United States, 760 F.2d 869, 871 (8th Cir.1985) (affirming dismissal under § 1915 for want of personal jurisdiction); Brim v. Genao-Gomez, No. No. CV 14–197–M–DLC, 2014 WL 5471969 at *4 (D. Mont. Oct. 28, 2014) ("Frivolous in forma pauperis complaints may be dismissed sua sponte. A complaint is frivolous were it lacks an arguable basis either in law or fact. Because [plaintiff prisoner's] in forma pauperis Complaint lacks an arguable basis in either law or fact pertaining to personal jurisdiction, it must be dismissed sua sponte as frivolous." (internal citations and quotations marks omitted)). Such is the case here.

To determine whether a federal court has personal jurisdiction over a defendant, courts must consider "(1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process."

Peay v. BellSouth Med. Assistance Plan, 205 F.3d 1206, 1209 (10th Cir.2000) (quotations omitted). Section 1983, which allows civil rights actions against defendants acting under color of state law, does not, by itself, confer nationwide service of process or jurisdiction upon federal district courts to adjudicate claims. See Trujillo, 465 F.3d at 1217. In the absence of a specific federal statute governing personal jurisdiction, Fed.R.Civ.P. 4(k)(1)(A) refers courts to the jurisdictional provisions of the forum state. North Dakota's "long-arm statute,", N.D.R.Civ.P. 4(b), authorizes jurisdiction over nonresident defendants "to the fullest extent permitted by due process." Beudoin v. South Texas Blood & Tissue Center, 699 N.W.2d 421 (N.D. 2005) (quoting Hebron Brick Co. v. Robinson Brick & Tile Co., 234 N.W.2d 250, 255 (N.D.1975)).

The exercise of jurisdiction over a nonresident defendant comports with due process "so long as there exist minimum contacts between the defendant and the forum State." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980)); see also Epps v. Stewart Information Services Corp., 327 F.3d 642, 647-48 (8th Cir. 2003) (discussing the five-factors considered by courts in the Eighth Circuit when determining the sufficiency of a defendant's contacts with the forum state). The minimum contacts necessary for specific personal jurisdiction may be established where "the defendant has 'purposefully directed' its activities toward the forum jurisdiction and where the underlying action is based upon activities that arise out of or relate to the defendant's contacts with the forum." In re Application to Enforce Admin. Subpoenas Duces Tecum of SEC v. Knowles, 87 F.3d 413, 418 (10th Cir.1996) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985)). The minimum contacts standard is also satisfied, and a court may maintain personal jurisdiction over a nonresident defendant, based on the defendant's "continuous and systematic"

3

general business contacts with the forum state. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415 (1984).

Here, there is nothing in plaintiff's complaint to demonstrate that this court's exercise of jurisdiction over defendants, all of whom live and work in Virginia, would satisfy the requirements of the Due Process Clause. Plaintiff has alleged no facts suggesting that defendants purposely directed activities toward this jurisdiction, that the conduct giving rise to plaintiff's claim arises out of or relates to any contacts of defendants with North Dakota, or that defendants have engaged in systematic and continuous activity in North Dakota. Moreover, given the nature of the plaintiff's claim, it does not appear that plaintiff could allege facts sufficient to support such a conclusion. Thus, plaintiff has failed to make allegations showing that this Court's exercise of personal jurisdiction over defendants would be in conformity with principles of due process.

In any event, the issue of personal jurisdiction aside, plaintiff's complaint is still subject to dismissal for failure to state a cognizable constitutional claim. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. To state a cognizable claim under § 1983, a plaintiff must allege a violation of a right secured by the Constitution or the laws of the United States and that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Walker v. Reed, 104 F.3d 156, 157 (8th Cir. 1997). However, it is well settled that defamation does not constitute a constitutional violation actionable under § 1983. See Paul v. Davis, 424 U.S. 693, 701–710 (1976) (concluding that defamation alone does not state a § 1983 claim); see also Ellingburg v. Lucas, 518 F.2d 1196, 1197 (8th Cir.1975) (per curiam) (defamation is not a constitutional violation); Mowbray v. Cameron County, Tex., 274 F.3d 269, 277 (5th Cir. 2001) (holding that allegations of slander by a former prisoner, resulting in public humiliation, scorn, and

4

ridicule, did not state a claim under 42 U.S.C. § 1983); Torres v. McStravick, No. H–11–2657, 2011 WL 2960191, at *3 (S.D. Tex. July 21, 2011) ("[L]ibel and slander are not cognizable under 42 U.S.C. § 1983, because a defamation claim does not involve the deprivation of any rights, privileges or immunities which are secured by the Constitution or laws of the United States."); Washington v. Tilton, No. 2:10–997, 2010 WL 2084106, at *3 (D.S.C. May 7, 2010) ("Civil rights statutes, such as 42 U.S.C. § 1983, do not impose liability for violations of duties of care arising under a state's tort law.").

Plaintiff's second motion for reconsideration (Docket No. 9) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 21st day of November, 2014.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court